UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NEWPORT NEWS SHIPBUILDING AND
DRY DOCK COMPANY,
Petitioner,

v.

No. 99-2356

DAVID L. GREGORY; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(99-113)

Submitted: March 31, 2000

Decided: April 24, 2000

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

James M. Mesnard, SEYFARTH, SHAW, FAIRWEATHER & GER-
ALDSON, Washington, D.C., for Petitioner. Robert J. Macbeth, Jr.,
RUTTER, WALSH, MILLS & RUTTER, L.L.P., Norfolk, Virginia,
for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Newport News Shipbuilding & Dry Dock Company (Newport News) petitions this court for review of the Department of Labor's Benefits Review Board's decision affirming the administrative law judge's order declining to reconsider its order awarding benefits in favor of David L. Gregory in this case arising under the Longshore and Harbor Workers' Compensation Act. See 33 U.S.C. §§ 901 to 950 (West 1986 & Supp. 1999). The scope of our review is limited to an examination of the ALJ's ruling to determine if the ALJ's findings are supported by substantial evidence, are rational, and are in accordance with the law. See 33 U.S.C. § 921(b)(3) (1994); Gilchrist v. Newport News Shipbuilding & Dry Dock Co., 135 F.3d 915, 918 (4th Cir. 1998). Finding no error of this magnitude, we deny this petition for review.

Newport News sought reconsideration of the order awarding benefits to Gregory because it alleged that it was unaware of the fact the case had been assigned to a different ALJ on remand from this Court. See Newport News Shipbuilding & Dry Dock Co. v. Gregory, No. 96-2520 (4th Cir. June 6, 1997) (unpublished). The reassignment of the case entitled Newport News to request a de novo hearing on the issue of Gregory's disability in order to determine the credibility of the witnesses. See Creasy v. J.W. Bateson Co., 14 B.R.B.S. 434 (1981); Pigrenet v. Boland Marine & Mfg. Co., 656 F.2d 1091, 1095 (5th Cir. Sept. 1981) (citing Appalachian Power Co. v. Federal Power Commission, 328 F.2d 237 (4th Cir. 1964)). That entitlement, however, can be waived where the party, despite receiving adequate notice of a reassignment, does not object to resubmission of the case on the existing record. See Pigrenet, 656 F.2d at 1095. After receiving no objection to the letter order warning the parties that the case would be decided on the record as it stood on remand, the replacement ALJ issued her decision awarding benefits to Gregory. In seeking recon-

2

sideration of that order, Newport News asserted that it never received notice of the reassignment of the case despite the fact that notice was served at the correct address to the attorney of record as shown in the administrative file in the Administrative Law Judges' Office. The ALJ declined to grant reconsideration on that ground.

After a review of the record and the ALJ's order denying reconsideration, we can discern no reversible error on the part of the ALJ. Newport News has failed to demonstrate how the ALJ's determination that notice delivered to the correct address was sufficient to warn Newport News of the potential waiver of their right to a hearing rendered her refusal to grant reconsideration contrary to the law. See 33 U.S.C. § 921(b)(3); Gilchrist, 135 F.3d at 918. In addition, Newport News has waived its challenge to the award of benefits by failing to raise the issue before the Benefits Review Board. See South Carolina v. United States Dep't of Labor, 795 F.2d 375, 378 (4th Cir. 1986). Accordingly, Newport News's petition for review is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3